**In the Matter of Thomas
D. MARGOLIS.**

No. 18S00–0309–DI–396.

Supreme Court of Indiana.

March 18, 2004.

*ORDER APPROVING STATEMENT OF
CIRCUMSTANCES AND CONDI-
TIONAL AGREEMENT FOR DIS-
CIPLINE*

Pursuant to Ind. Admission and Disci-
pline Rule 23, Section 11, the Indiana Su-
preme Court Disciplinary Commission and
the respondent have submitted for approv-
al a *Statement of Circumstances and Con-
ditional Agreement for Discipline* stipulat-
ing a proposed discipline and agreed facts
as summarized below:

**Facts:** In October 1999, clients hired the
respondent to recover a judgment ren-
dered in 1990 with regard to a real estate
transaction. Though the clients held a
judgment against the purchasers, the
clients did not have clear title to the land.
In 1991, the clients had filed bankruptcy.
The debts clouding the clients' title and
the judgment against the purchaser were
listed in the bankruptcy. The clients were
granted a discharge in bankruptcy in 1992.
That year, prior to the discharge, the
clients' creditors filed an action to fore-
close. The clients did not appear and were
defaulted. The purchasers paid the
clients' debts and title to the property was
transferred to the purchasers in 1993.

In 1999, the respondent sought to reopen
the bankruptcy and filed an Ind. Trial
Rule 60(B) petition in state court for relief
from the default foreclosure judgment.
The bankruptcy court refused to reopen
the case and the respondent thereafter
withdrew the T.R. 60(B) motion without
permission from the clients. The respon-
dent did not advise the clients that he had
withdrawn the motion for relief from the
judgment. At about the same time, the
respondent was also hired by one of the
clients to file a bankruptcy petition, but
failed to do so. Two years later, the client
retrieved her file and hired another attor-
ney to file the bankruptcy. During the
period the respondent was engaged to
work for the clients, the clients paid to him
$2,430 in legal fees. He refunded $360 to
them as unearned fees.

**Violations:** The respondent violated Prof.
Cond.R. 1.2(a) which requires a lawyer to
abide by a client's decisions concerning the
objectives of representation; Prof.Cond.R.
1.3, which requires a lawyer to act with
reasonable diligence and promptness in
representing a client; and Prof.Cond.R.
1.4(a), which requires a lawyer to keep
clients adequately informed.

**Discipline:** Public reprimand

The Court, having considered the sub-
mission of the parties, now APPROVES
and ORDERS the agreed discipline.
Costs of this proceeding are assessed
against the respondent.

The Clerk of this Court is directed to
forward a copy of this Order to the hear-
ing officer and in accordance with the pro-
visions of Admis.Disc.R. 23, Section 3(d).

SHEPARD, C.J., SULLIVAN, BOEHM
and RUCKER, JJ., concur.

DICKSON, J., dissents and would reject
the tendered agreement unless the respon-
dent refunds all of the fees the clients paid
to him.